UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
ZELDY EBER
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

        -against-

ASSOCIATED CREDIT SERVICES, INC.

                              Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Zeldy Eber seeks redress for the illegal practices of Associated Credit Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Westborough, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Zeldy Eber*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 22, 2018 Plaintiff called and spoke to a representative from Associated Credit Services, Inc., and attempted to dispute the debt over the phone.

11. Defendant refused to accept Plaintiff's dispute over the phone, rather Defendant informed Plaintiff that he must put his dispute in writing. Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.)

12. Defendant stated that there has to be some kind of a reason for the dispute.[1]

13. Defendant stated that it would inform the creditor of the Plaintiff's "refusal to pay".

14. The Defendant threatened the failure to communicate that a disputed debt is disputed, in

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

violation of 15 U.S.C. § 1692e(8).[2]

15. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[3]

16. The FDCPA allows the consumer to orally dispute a debt.[4]

17. Upon information and belief, Associated Credit Services, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

18. Upon information and belief, Associated Credit Services, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

19. Upon information and belief, Associated Credit Services, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

20. Upon information and belief, Associated Credit Services, Inc. and its employee wrongfully stated to the Plaintiff that he could not orally dispute the debt with Associated Credit Services, Inc.

---

[2] Purnell v. Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce.")

[3] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

[4] Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991), Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.)

21. Upon information and belief, Associated Credit Services, Inc. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

22. Upon information and belief, Associated Credit Services, Inc. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

23. Upon information and belief, Associated Credit Services, Inc. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

24. Upon information and belief, Associated Credit Services, Inc. and its employee threatened the failure to communicate that a disputed debt is disputed.

25. The Associated Credit Services, Inc. employee who spoke with Zeldy Eber intended to speak the said words to the Plaintiff.

26. The acts and omissions of Associated Credit Services, Inc. and its employee done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

27. Upon information and belief, Associated Credit Services, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

28. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

29. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

33. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36. As an actual and proximate result of the acts and omissions of Associated Credit Services, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

37. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of a class.

39. The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied the Plaintiff the right to dispute the debt verbally; and (c) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a telephonic communication is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who had such communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

      D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

      E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

   A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C. Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis*

46. Plaintiff re-states, re-alleges, and incorporates herein, all paragraphs in this action, that reference the Plaintiff being unable to dispute the alleged debt verbally.

47. That on or about March 22, 2018, the Plaintiff called and spoke to a representative from Associated Credit Services, Inc.

48. During the call, the Plaintiff attempted to dispute the debt, yet the Defendant would not accept the dispute.

49. Defendant also informed the Plaintiff that he must put his dispute in writing.

50. Defendant stated that there has to be a reason for the dispute.

51. The Defendant threatened the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8).

52. The FDCPA does not require the consumer to provide any reason at all in order

to dispute a debt.

53. The FDCPA allows the consumer to orally dispute a debt.

### *Violations of the Fair Debt Collection Practices Act*

54. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

55. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 18, 2019

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)